IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEREMY BRUCE SHIPP, | * | |
| Petitioner, | * | CASE NO. 4:05-CV-54 CDL |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 4:96-CR-64   JRE |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

### REPORT AND RECOMMENDATION

Petitioner Shipp's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.  By standing Order of the District Judges, this matter has been referred a United States Magistrate Judge for report and recommendation only to the District Judge, in accordance with 28 U.S.C. § 636 and Local Rule 70-2.   Petitioner Shipp advises this court that he does not consent to this matter being considered by anyone but an Article III judge.  However, neither 28 U.S.C. § 636 nor Local Rule 70-2 require the consent of the Movant for referral to a Magistrate Judge for report and recommendation to the District Judge which the latter may adopt or reject, in any case.

### Procedural History

A two-count Indictment was returned in this court on December 12, 1996, charging Petitioner Shipp in Count One with Distribution of Cocaine Base in violation of 21 U.S.C.

§ 841(a)(1), and in Count Two with Possession of Cocaine and Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (R-1). On February 18, 1997, Petitioner Shipp entered into a Plea Agreement with the Government pursuant to which he entered a plea of guilty to Count One of the Indictment, with the Government agreeing to dismiss Count Two. (R-26, 27). In paragraph (2) of the Plea Agreement Petitioner Shipp stated:

> JEREMY BRUCE SHIPP fully cognizant of his rights, . . . agrees pursuant to Rule 11(e), Federal Rules of Criminal Procedure, as follows:
>
> (A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges defendant with distribution of cocaine base, in violation of 21 United States Code, Section 841(a)(1).
> (B) The defendant fully understands that his plea of guilty as set forth in Subparagraph (2)(A), above, will subject defendant to a mandatory minimum sentence of five (5) years imprisonment, a maximum of forty (40) years imprisonment . . .

Furthermore, Petitioner Shipp stipulated at paragraph (7) of the Plea Agreement that, "On August 14, 1996, an informant [] working with the Metro Narcotics Task Force in Columbus, Georgia . . . telephoned Jeremy Shipp and ordered one ounce of crack cocaine. Shipp told the informant to come to his house and pick it up. Later that day, the informant . . . was given approximately 24 grams of crack cocaine by Shipp . . . The informant paid Shipp $850 in government funds. . . . on August 14, 1996, a state search warrant was executed at Jeremy Shipp's apartment. During the search of the apartment, approximately 155 grams of crack cocaine and 61 grams of powder cocaine were seized from the apartment." (R-26 at 7).

The District Court accepted Petitioner's guilty plea pursuant to his Plea Agreement with the Government and sentenced Petitioner Shipp on August 13, 1997, to a term of 151 months imprisonment to be served concurrently with any State sentence Petitioner might receive. (R-28, 31, and 46).  Petitioner Shipp did not file an appeal of his sentence, and the same became final at the expiration of the ten (10) days in which he had to file a Notice of Appeal.  See Rule 4(b)(1), Federal Rule of Appellate Procedure.

On May 27, 2005, Petitioner Shipp filed in this court his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, seven years and ten months after his sentence had become final. (R-50).  His Amendment/Correction filed on May 31, 2005, (R-51) is duly noted.

### Petitioner's § 2255 Motion

Petitioner Shipp contends at page 3 of his Memorandum in Support of his Motion that there has been established "new requirements of proof for any factor that serves to enhance a sentence.  . . . Petitioner contends that he is entitled to relief under **Booker, Blakely,** and **Apprendi.**  The government did not charge petitioner with a specific amount of cocaine which also contains cocaine base in the indictment. (See Petitioner's Exhibit "1")."  Petitioner Shipp follows these contentions with a lengthy argument based on case authority from various Circuit Courts other than the Eleventh Circuit Court of Appeals to support his further contention that the *Apprendi/Blakely/Booker* principal rulings, have retroactive application to cases on collateral review, such as his § 2255 Motion.

Petitioner Shipp recognizes that his Motion is time-barred by the AEDPA one-year statute of limitations, unless the limitation can be reset by:

> The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255 ¶ 6(3).

(See R-50, Memorandum at 1). Petitioner Shipp states in Ground Two of his § 2255 Motion that he brings the Motion "pursuant to 28 U.S.C. § 2255 ¶ 6(3), for an intervening change of law in the circuit." He adds, "The eleventh circuit in DODD v. UNITED STATES, has held that the date on which the right asserted was initially recognized by the Supreme Court is the time limitation period that a prisoner has to bring a § 2255 motion for review of his unconstitutional conviction." The right which Petitioner Shipp asserts here is the ruling under *Apprendi v. New Jersey,* 120 S.Ct. 2348, and its progeny, that "aggravating and mitigating factors, other than a prior conviction, that increase the penalty from a lesser included offense to a greater offense, are now elements of the crime to be charged [submitted to a jury] and proven beyond a reasonable doubt." (R-50, Memorandum at 9).

To avoid a statute of limitations time bar, Petitioner Shipp relies on *Dodd v. United States,* 365 F.3d 1273 (2004), but his reliance is misplaced. The *Dodd* ruling is that the right which "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under 28 U.S.C. § 2255 ¶ 6(3), will reset a petitioner's one-year period of limitation upon the new recognition of the right by the United States Supreme Court, and the Circuits and/or the Supreme Court can decide when and

4

whether to find the newly recognized right to have <u>retroactive application</u> to cases on collateral review, thereby, resetting the one-year period of limitation.   Petitioner Shipp's contention that he is entitled to have his belated § 2255 Motion considered by this court under 28 U.S.C. § 2255 ¶ 6(3) fails, because the Eleventh Circuit Court of Appeals held that neither *Apprendi, Blakely,* nor *Booker* had retroactive application to finalized cases brought by collateral attack.  These Eleventh Circuit decisions were made *prior to* Petitioner Shipp's filing of his collateral attack under 28 U.S.C. § 2255 ¶ 6(3).

### **Conclusion of law**

First, in *Hamm v. United States,* 269 F.3d 1247, 1249 (11th Cir. 2001), and *McCoy v. United States,* 266 F.3d 1245, (2001), the Eleventh Circuit Court of Appeals held that, "[T]he *Apprendi* decision is not retroactively applicable to cases in which the conviction became final before the *Apprendi* decision was released on June 29, 2000."  Secondly, the Supreme Court did not make its *Booker - Fanfan* rulings retroactive to cases on collateral review.  To the contrary, the *Booker-Fanfan* Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – to all cases on direct review.  See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, *with no exception for cases in which the new rule constitutes a clear break with the past*).(emphasis added) See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1]

---

[1] *Reynoldsville* at 752*:* (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J.,

5

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker-Fanfan* ruling in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___(opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* (a defendant) cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

---

concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final")).

6

*See Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held, "[A]s the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."

Inasmuch as the *Apprendi/Blakely/Booker* principles have been shown not to be retroactively applicable to cases on collateral review in the Eleventh Circuit, if not in the entire country, by the above-cited decisions of the Eleventh Circuit Court of Appeals, Petitioner Shipp cannot maintain his claim that 28 U.S.C. § 2255 ¶ 6(3) resets his one-year limitations clock to allow for his belated filing of a § 2255 Motion. His Motion is barred by the AEDPA statute of limitations.

This District Court is bound by the decisions of the Eleventh Circuit Court of Appeals, and is obligated to enforce the AEDPA statute of limitations.

WHEREFORE, IT IS RECOMMENDED that Petitioner Shipp's § 2255 Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of June 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE