## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

JEREMY BRUCE SHIPP,                    *

          Petitioner,                  *          CASE NO. 4:05-CV-54 CDL
                                                      28 U.S.C. § 2255
VS.                                    *

                                                  CASE NO. 4:96-CR-64   JRE
UNITED STATES OF AMERICA,              *

          Respondent.                  *

## REPORT AND RECOMMENDATION
## IN RE MOTION FOR RETURN OF PROPERTY
## AND MOTION FOR SUMMARY JUDGMENT

_____Petitioner Shipp was charged by Indictment returned in this court  on December 12, 1996, with Possession of Cocaine Base With Intent to Distribute in violation of 21 U.S.C. §841(a).  On February 18, 1997, Petitioner Shipp entered into a Plea Agreement with the United States and pled guilty to Count I of the Indictment.  He was sentenced to serve 151 months imprisonment on August 11, 1997.  (R-31).  He filed no direct appeal.

          On April 25, 2005, Petitioner Shipp filed a Motion For Return of Property (R-47), wherein he moved this United States District Court "for an Order directing the return to Petitioner Jeremy Bruce Shipp of Property unlawfully seized without the benefit of a lawful search warrant on August 14, 1996, such property (being) the amount of $4,265.00 in U.S. Currency." (Id., at 2).  The Government filed its Response to Petitioner's Motion For Return of Property on May 2, 2005. (R-48), wherein it stated as Factual Background the following:

> On August 14, 1996, a confidential informant working with
> the Metro Narcotics Task Force purchased 24 grams of crack

cocaine from Jeremy Shipp at his residence in Columbus, Georgia. The informant's purchase of the crack cocaine was the probable cause used to obtain a State search warrant of Shipp's residence later in the day. At approximately 7:20 P.M. on August 14, 1996, members of the Metro Narcotics Task Force executed the search warrant. After gaining entry to Shipp's residence, the agents seized approximately 155 grams of crack cocaine and 61 grams of powder cocaine. The agents also seized $4,265 in U.S. currency, scales, a loaded handgun and two cellular telephones.

The $4,265 in U.S. currency, the two cellular telephones and the other personal property seized pursuant to the State search warrant were the subject of a State forfeiture action.

The Government attached as Exhibit #1 to its Response a copy of the Judgment taken in Forfeiture Case No. 96-605 against the property seized and Claimant Jeremy Bruce Shipp dated December 2, 1996, in the Superior Court of Muscogee County, State of Georgia. The Judgment reflects that Service had been perfected upon Claimant Shipp pursuant to O.C.G.A. § 16-13-49(n)(1) and (2), and that no responsive pleadings had been filed by any claimant.

Subsequent to the Government's Response, Petitioner Shipp filed a Motion For Summary Judgment (R-49) as to his Motion For Return of Property (R-47). Petitioner's Brief attached to his Motion For Summary Judgment fails to acknowledge that the State of Georgia and the United States of America (the Defendant named in his Motion For Return of seized forfeited property) are different legal entities. He also fails to acknowledge that the State of Georgia retained the property in question, filed a forfeiture action on that property, and took Judgment of Forfeiture on said property more than eight years ago. Petitioner argues in his Memorandum Brief, however, that:

[E]ven if it is alleged that the property the movant seeks to have

2

> returned is no longer within the Government's possession, the
> district court has jurisdiction to determine whether such
> property had been in its possession and whether it wrongfully
> disposed of such property. See Chambers, 192 F.3d at 378.

The undisputed fact is that, on December 2, 1996, the State of Georgia took a Judgment of Forfeiture as to the property Petitioner seeks to have returned now by his Motion filed in this United States District Court on April 25, 2005, more than eight years after the fact.  Title 28, U.S.C. § 2401(a) provides, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years of the right after the action first accrues."  The Fifth Circuit Court of Appeal has ruled on a case exactly analogous to Petitioner Shipp's case, in *U.S. v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004), holding:

> The accrual date is the date on which [the claimant] was on
> reasonable inquiry notice about the forfeiture, i.e., the earlier of
> the following: when he has become aware that the government
> had declared the property forfeited, or when an inquiry that he
> could reasonably have been expected to make would have made
> him aware of the forfeiture." *United States v. Rodriguez-*
> *Aguirre,* 264 F.3d 1195, 1211 (10th Cir.2001); *United States v.*
> *Minor,* 22 F.3d 352, 359 (4th Cir.2000); *see also United States*
> *v.* 229 F.3d 627, 630 (7th Cir.2000) (accrual date is when the
> claimant discovered or by exercise of due diligence would have
> discovered the forfeiture); *Polanco v. DEA,* 158 F.3d 647, 654
> (1998) (accrual date is when the claimant discovered or had
> reason to discover that his property had been declared forfeited
> without sufficient notice).

By that standard, Petitioner Shipp would have received notice of the forfeiture action initiated by the State when he was served with the complaint as was noted in the forfeiture judgment entered on December 2, 1996.  Thus, his six-year limitations period began to run

at that time.  Therefore, even if it were proper against the United States , Petitioner's Motion for Return of Property was filed more than two years out of time.

Petitioner's Motion for the Return of Property should also be denied because the court lacks jurisdiction to hear the case.  The Eleventh Circuit, in the case of *U.S. v. Eubanks*, held that a motion filed under Rule 41(g) is not proper where the property at issue is held pursuant to a forfeiture action, rather than as evidence to be used against the defendant in trial. *Eubanks,* 169 F.3d 672, 674 (11th Cir. 1999); citing *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir. 1989).

Still it cannot be denied in Petitioner Shipp's case that the property in question was retained by the State of Georgia pursuant to a State statutory civil forfeiture action and not retained by the United States for any purpose.  Despite Petitioner's argument to the contrary the pleadings on this belated Motion For the Return of Property show clearly that these are genuine  issues as to material facts and that Petitioner Shipp is not entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion for Return of Property and his Motion for Summary Judgment be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of October 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

4