IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA       *

vs.       *

JEREMY BRUCE SHIPP,       *      CASE NO. 4:96-CR-64 (CDL)

     Defendant.       *

_____

O R D E R

Jeremy Bruce Shipp was sentenced to 151 months imprisonment for distributing cocaine base. The Court later reduced his sentence to 121 months, then Shipp was released from prison and began serving a five-year term of supervised release. But when Shipp was convicted in state court of shooting a firearm into his acquaintance's vehicle, the Court revoked his supervised release and sentenced him to 46 months for violating the terms of his supervised release. Now, Shipp seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(B), as authorized by § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391 § 404(b), 132 Stat 5194. Shipp asserts that the Court should conduct a resentencing hearing and reduce his completed 121-month sentence to 87 months followed by three years of supervised release, with credit for time served applied to the revocation sentence he is currently serving. In the alternative, he argues that the Court should reduce his

revocation sentence to time served. For the reasons set forth below, the Court grants Shipp's motion to reduce his original sentence (ECF Nos. 116, 117, 121) but only to the extent that Shipp's revocation sentence is reduced from 46 months to 36 months. In reaching this decision, the Court reviewed Shipp's two pro se motions to reduce sentence, his counseled motion to reduce sentence, the Government's response, the supplemental presentence investigation report, Shipp's reply brief and its exhibits, the 18 U.S.C. § 3553(a) factors, and other relevant law. The Court will enter a separate amended judgment on this reduced sentence.

BACKGROUND

In 1997, Shipp pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Although the indictment did not charge Shipp with distributing a specific quantity of cocaine, he stipulated and agreed that if the case were to go to trial before a jury, the Government would prove beyond a reasonable doubt that he possessed approximately 179 grams of crack cocaine (24 grams sold to an informant and 155 grams in his residence), plus 61 grams of powder cocaine. Plea Agreement ¶¶ 7.2-7.3, ECF No. 26. Shipp did retain the right "to present evidence and argument at sentencing that a lesser quantity of crack cocaine should be used to calculate his sentence." He did not present such evidence or challenge the weight of the drugs

2

at his sentencing hearing, and his attorney acknowledged the weight of the drugs. *See generally* Sentencing Hr'g Tr. (July 31, 1997), ECF No. 46. The Court sentenced Shipp to 151 months in prison, followed by five years of supervised release. In March of 2008, the Court granted Shipp's motion to reduce his sentence pursuant to sentencing guideline reductions and reduced Shipp's sentence to 121 months in prison; all other provisions of Shipp's original sentence, including the five-year term of supervised release, remained in effect. Order Reducing Sentence, ECF No. 87. Since Shipp had already served 129 months in prison, Shipp was released from prison and began his five-year term of supervised release.

In 2011, the Court revoked Shipp's supervised release after Shipp admitted that he violated its terms by possessing a firearm and committing aggravated assault and criminal damage to property; he shot into an acquaintance's car with a firearm then rammed her car, and the victim suffered injuries caused by glass fragments. Revocation H'rg Tr. 8:5-13 (Apr. 14, 2011), ECF No. 110. At the time, the statutory maximum for the revocation sentence was 60 months' imprisonment. The Court sentenced Shipp to 46 months in prison, consecutive to the sentence imposed by the Muscogee County Superior Court in case number SU09CR2580, plus an additional fourteen months of supervised release following his imprisonment. Shipp completed his Superior Court

3

sentence and began serving his revocation sentence on August 28, 2019.  He is scheduled to be released from prison in December of 2022.

## DISCUSSION

Section 404 of the First Step Act of 2018 permits a court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."  Pub. L. No. 115-391 § 404(b), 132 Stat 5194.   "Nothing in § 404 shall be construed to require a court to reduce any sentence pursuant to this section."  *Id.*   In relevant part, the Fair Sentencing Act of 2010 increased the amount of cocaine base required for an offense to trigger the highest penalties under 21 U.S.C. § 841(b)(1)(A)(iii) and qualify as a Class A felony from 50 grams to 280 grams, and it increased the amount of cocaine base required for an offense to trigger the intermediate penalties under 21 U.S.C. § 841(b)(1)(b)(iii) and qualify as a Class B felony from 5 grams to 28 grams.  Fair Sentencing Act of 2010 § 2, Pub. L. No. 111-220, 124 Stat 2372; *see also* 18 U.S.C. § 3559(a)(1) to (2) (classifying offenses with a maximum term of life imprisonment as Class A felonies and offenses with a maximum term of twenty-five years or more as Class B felonies). If the amount of cocaine base is less than 28 grams, the offense

is a Class C felony.  21 U.S.C. § 841(b)(1)(C) (stating that the maximum term of imprisonment is twenty years); 18 U.S.C. § 3559(a)(3) (classifying offenses with a maximum term of more than ten but less than twenty-five years as Class C felonies).

There is no dispute that Shipp's original drug conviction under 21 U.S.C. § 841(a) was a "covered offense" because he was convicted of committing a crack-based offense before August 3, 2010, and his "offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act." *United States v. Jones*, No. 19-10758, 2020 WL 3248113, at *5 (11th Cir. June 16, 2020).  When Shipp was sentenced for distributing 179 grams crack cocaine, his offense was subject to the highest penalties under 21 U.S.C. § 841(b)(1)(A)(iii) and was classified as a Class A felony.  But under the Fair Sentencing Act, the threshold for the highest penalties was increased from 50 grams to 280 grams, so Shipp's offense would have been subject to the intermediate penalties under 21 U.S.C. § 841(b)(1)(B)(iii) and classified as a Class B felony.  The class of felony is important because while the statutory maximum revocation sentence for a defendant convicted of a Class A felony is five years' imprisonment, the statutory maximum revocation sentence for a defendant convicted of a Class B felony is three years' imprisonment. 18 U.S.C. § 3583(e)(3).

Shipp seeks a reduction of his sentence to time served.   He
initially sought reduction of the 121-month prison term that he
completed in 2008, with any overserved time applied to his
present revocation sentence.   In the alternative, he seeks a
reduction of his 46-month revocation sentence to time served.
While the Government does not oppose a reduction of the
revocation sentence that Shipp is currently serving from 46
months to 36 months—the maximum statutory revocation sentence
for a defendant convicted of a Class B felony—the Government
does oppose a reduction of the original prison sentence that
Shipp completed in 2008.

Shipp's position is that since his original sentence would
have been shorter if the Fair Sentencing Act of 2010 had been in
effect when he received his original sentence and his 2008
sentence reduction, he should receive credit for any overserved
time today and use it to shorten the sentence this Court imposed
after Shipp violated the terms of his supervised release.   Based
on the Court's review, the Eleventh Circuit has not spoken on
the question whether a Court should reduce a completed term of
imprisonment under the First Step Act and apply "banked" time to
the defendant's revocation sentence.   But the Court is not
convinced that the original, completed prison sentence should be
reduced and any excess time credited to Shipp's present
revocation sentence.   The Court observes that allowing prisoners

6

to "bank" time could undermine the purpose of supervised release by impairing the Court's ability to sanction a defendant for violating the terms of supervised release. The Court denies Shipp's request to reduce the sentence he completed in 2008.

The next question is whether Shipp's revocation sentence should be reduced. The Government asserts that it should be reduced to 36 months. The Government does not dispute that Shipp's revocation sentence is "part of the penalty for his initial offense," so Shipp is considered to be "still serving his sentence for a 'covered offense' for purposes of the First Step Act." *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). The Government argues that Shipp's original conviction, for 179 grams of crack cocaine, should be considered a Class B felony and that his revocation sentence should be reduced to the statutory maximum of 36 months. *See* 18 U.S.C. § 3583(e)(3). Although Shipp did not clearly address this issue in his briefing, he does suggest that his original conviction should be considered a Class C felony, which has a two-year maximum term for a revocation sentence. *See id.*

Shipp's sentence was calculated based on possession of 179 grams of crack cocaine. Shipp asserts, however, that it would be error to consider the 179 grams of crack cocaine attributed to him at sentencing and such a finding is now unconstitutional because it relies on facts that were determined by the Court,

not a jury. *See Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  And, since the indictment did not charge Shipp with distributing or possessing with intent to distribute a specific quantity of cocaine base, Shipp contends that the Court must assume that Shipp's offense involved less than 28 grams.  If the Court were to make that assumption, Shipp's offense would be a Class C felony rather than a Class B felony and thus the maximum revocation sentence under 18 U.S.C. § 3583(e)(3) would be two years' imprisonment.

The Eleventh Circuit, however, recently rejected this very argument and concluded that a First Step Act movant "cannot rely on *Apprendi* to redefine his offense for purposes of a First Step Act motion."  *Jones*, 2020 WL 3248113, at *8.  According to the Eleventh Circuit, "the Constitution does not prohibit district courts, in deciding motions for reduced sentences under the First Step Act, from relying on earlier judge-found facts that triggered statutory penalties that the Fair Sentencing Act later modified. In determining what a movant's statutory penalties would be under the Fair Sentencing Act, the district court is not increasing the movant's penalty. It is either maintaining the movant's penalty or *decreasing* it."  *Id.* at *10. Accordingly, the Eleventh Circuit concluded that the district courts did not err in considering the judge-found drug quantities or in refusing to allow the movants to relitigate the

8

drug-quantity finding.  *Id.*  Based on *Jones*, it is not error for the Court to consider the 179 grams of crack cocaine attributed to Shipp at sentencing in deciding Shipp's First Step Act motion.

Shipp's offense, with 179 grams of crack cocaine attributed to him, became a Class B felony rather than a Class A felony under the Fair Sentencing Act.  The statutory maximum revocation sentence following a conviction for a Class B felony is three years.  18 U.S.C. § 3583(e)(3).  The Court recognizes that the revocation sentencing guidelines range has also changed based on Shipp's Class B felony, his Grade A violation of supervised release, and his criminal history category of IV; the sentencing guidelines range is now 24 to 30 months' imprisonment.  When the Court imposed the revocation sentence, it noted that it could find that the original guidelines range of 37 to 46 months was "inadequate because the defendant, on a city street, fired four shots from one vehicle into another. Further, he intentionally rammed the victim's vehicle and fled police."  Revocation Hr'g Tr. 11:15-18, ECF No. 110.  Defendant was present at the revocation hearing and did not challenge the accuracy of these findings.  The Court further noted that it "could find that the nature of these violations requires a sentence above the advisory guideline range to protect the victim and the community from this behavior and to provide an adequate deterrent and to

maintain the integrity of the court." *Id.* at 11:20-24. Instead of making an upward departure for these "very serious violations" that were "inexcusable" and needed "to be dealt with strongly and swiftly," the Court sentenced Swift at the top of the guidelines range, ran the revocation sentence consecutive to the Superior Court's sentence in SU09CR2580, and imposed an additional 14 months of supervised release. *Id.* at 11:25-13:7.

Given the new statutory maximum for Shipp's revocation offense, the Court will reduce Shipp's revocation sentence to 36 months' imprisonment. The Court acknowledges that 36 months' imprisonment represents an upward departure from the new revocation sentencing range. But, in light of Shipp's serious violations, had the Court sentenced Shipp as if today's penalties had been in place, it would have found that a sentence of 36 months' imprisonment was sufficient but not greater than necessary to serve the interests of sentencing. Again, in reaching this decision, the Court considered the record, parties' arguments, 18 U.S.C. 3553(a) factors, and other relevant law.

The final question is whether Shipp is entitled to a plenary resentencing hearing. A sentencing hearing in the defendant's presence is not required if the "proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4). First Step Act

sentence modifications fall under 18 U.S.C. § 3582(c).    *See Jones*, 2020 WL 3248113, at *5 (noting that § 3582(c) allows a district court to modify a term of imprisonment "to the extent that a statute expressly permits" and that "the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment").    Shipp's requests for plenary resentencing and a hearing are denied.

CONCLUSION

As discussed above, the Court grants Shipp's motion to reduce his original sentence (ECF Nos. 116, 117, 121) to the extent that the Court reduces Shipp's revocation sentence from 46 months to 36 months' imprisonment.    The Court will enter a separate amended judgment on this reduced sentence.

IT IS SO ORDERED, this 22nd day of June, 2020.

> s/Clay D. Land
> _____
> CLAY D. LAND
> CHIEF U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA